# UNITED STATES DISTRICT COURT
## for the
Middle District of North Carolina

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
) Case No. 1:24MJ164-1
Priority Mail Package 9505 5152 1961 4114 7568 14 )
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Priority Mail Package 9505 5152 1961 4114 7568 14

located in the ____Middle____ District of ____North Carolina____, there is now concealed *(identify the person or describe the property to be seized)*:
Controlled substances, packaging for controlled substances, and materials and documents reflecting the distribution of controlled substances through the U.S. Mail.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a) and 843(b) | Distribution/Possession with Intent to Distribute Controlled Substances |
| 21 USC 846 | Conspiracy to Distribute Controlled Substances |
| 18 USC 1956 and 1957 | Laundering of Monetary Instruments/Engaging in Monetary Transactions |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Tyler Cheek
*Applicant's signature*

Tyler Cheek, Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ____telephone____ *(specify reliable electronic means)*.

Date: 05/02/2024 9:05 a.m.

[signature]
*Judge's signature*

City and state: Durham, North Carolina

Joe L. Webster, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

The undersigned, being duly sworn, deposes and states:

## I. Affiant's Background and Training

1. I, Tyler Cheek, am a United States Postal Inspection Service ("USPIS") Task Force Officer and have been so employed since 2022. I am currently assigned to the Contraband Interdiction and Investigations Team in Raleigh, North Carolina and am responsible for the investigation of narcotics, drug trafficking organizations, and money laundering. I have received training by the USPIS, and members of the USPIS, in the investigation of controlled substances or proceeds/payments being transported through the United States. I am a Detective Sergeant with the Moore County Sheriff's Office ("MCSO") have been a sworn deputy with the MCSO Since May of 2016. I started my career with the MCSO as a Detention Officer at the Moore County Detention Center in May of 2016. I have received over 1,000 hours of law enforcement training. I have received this training from the North Carolina Justice Academy as well as others across the state. In November of 2018 I attended the Federal/State Drug Investigation Training Conference. In September of 2020 I became certified as a Prescription Drug Diversion Investigator. I have assisted other agencies in numerous drug violations and investigations related to the sales

1

and possession of illegal narcotics. I am familiar with the appearance of scheduled prescription pills, powder cocaine, crack cocaine, marijuana, and methamphetamines. I am also familiar in the manner in which all of it is packaged for distribution and sales. In March of 2018 I was promoted to Detective Sergeant and began working with the Narcotic's Division at the MCSO as a Narcotics Investigator. I have been involved in and have assisted in numerous drug investigations and arrests since becoming a Narcotics Investigator.

II. Information Regarding the Suspect Parcel

2. On April 23, 2024, Priority Mail parcels with tracking number 9505 5152 1961 4114 7568 14 (hereafter, "Suspect Parcel 1") and 9505 5152 1961 4114 7568 38 ("Suspect Parcel 2") entered the mail stream in Kansas City, MO. Suspect Parcel 1 and Suspect Parcel 2 were addressed to "John Taylor 209 Mcrae Circle Mt. Gilead NC 27306."

3. On April 23, 2024, I conducted a review of USPS business records and identified Suspect Parcel 1 and Suspect Parcel 2. I reviewed an image of the labels and was able to confirm that Suspect Parcel 1 and Suspect Parcel 2 were mailed to 209 Mcrae Circle, Mt Gilead, NC 27306.

4. On April 30, 2024, I responded to the post office in Mt Gilead and conducted a review of Suspect Parcel 1 and Suspect Parcel 2. Suspect Parcel 1 and Suspect Parcel 2 were handwritten and heavily taped. It should be noted

2

that an odor of marijuana was coming from Suspect Parcel 1 due to a small hole in the side of the box. It is unknown as to how or where the hole came from.

5. Suspect Parcel 1 is described as follows:

   A. Addressed to: "John Taylor 209 Mcrae Circle Mt. Gilead NC 27306."

   B. From: "Sarah Smith 950 Holmes Str Apt 412 Kansas City MO 64106"

   C. Size: approximately 12 inches by 8 inches by 10 inches

   D. Weight: 5 pounds 4 ounces

   E. Postage affixed: $19.20

   F. Physical description: A brown box with tracking number 9505 5152 1961 4114 7568 14, handwritten label and heavily taped.

6. Suspect Parcel 2 is described as follows:

   G. Addressed to: "John Taylor 209 Mcrae Circle Mt. Gilead NC 27306."

   H. From: "Sarah Smith 950 Holmes Str Apt 412 Kansas City MO 64106"

   I. Size: approximately 12 inches by 8 inches by 10 inches

   J. Weight: 5 pounds 8 ounces

3

K.  Postage affixed: $19.20

L.  Physical description: A brown box with tracking number 9505 5152 1961 4114 7568 38, handwritten label and heavily taped.

7. On April 30, 2024, I attempted to verify the information provided on the Priority Mail label for the Suspect Parcel by using law enforcement databases. USPIS was able to determine that the name of the recipient (John Taylor) of Suspect Parcel 1 and Suspect Parcel 2 is not associated with the address on the label for 209 Mcrae Circle Mt. Gilead NC 27306. The name of the sender (Sarah Smith) of Suspect Parcel 1 and Suspect Parcel 2 is not associated with the address on the label for 950 Holmes Str Apt 412 Kansas City MO 64106.

8. I am aware, through my training and experience, that people who utilize the U.S. Mail to distribute controlled substances commonly use no name or fictitious names and addresses in an attempt to avoid detection by law enforcement agencies.

9. I am also aware that people often use the U.S. Mail, specifically Priority Mail Express and Priority Mail, for the delivery of controlled substances for various reasons, some of which are listed below:

   A. Items sent via Priority Mail Express and Priority Mail are considered to be First-Class Mail. Therefore, these items cannot be examined without a federal search warrant.

4

B. Priority Mail Express and Priority Mail are generally expected to be delivered in one to three days. This assures the sender of expedited delivery.

C. Various dispatch times (times which a mailed item is transported to the next destination) are available to customers upon request and provide the sender an opportunity to have some control as to the arrival of the mailed item.

D. Individuals desiring to either send or receive controlled substances and payments for these substances through the U.S. Mail can do so without having to provide identification. This reduces the possibility of revealing their true identities.

Information Regarding the Use of a Drug Detecting Canine

10. On April 30, 2024, Sergeant M.E. McCoy of the Harnett County Sheriff's Office (HCSO), assigned to the HCSO Uniformed Patrol Division as a canine handler, was contacted regarding the Suspect Parcel 1 and Suspect Parcel 2.

11. Suspect Parcel 1 was placed in a lineup with four other parcels, none of which contained a controlled substance. Brutus walked among the parcels. Brutus alerted only to the Suspect Parcel by sitting and staring at Suspect Parcel 1, which was Brutus signal to indicate the scent of a controlled substance. The examination took

5

place at approximately 11:50 a.m. on April 30, 2024.

12. Suspect Parcel 2 was placed in a lineup with four other parcels, none of which contained a controlled substance. Brutus walked among the parcels. Brutus alerted only to the Suspect Parcel by sitting and staring at Suspect Parcel 2, which was Brutus signal to indicate the scent of a controlled substance. The examination took place at approximately 11:55 a.m. on April 30, 2024.

13. Sergeant McCoy has been a sworn law enforcement officer for the past fifteen (15) years and is currently employed as a Deputy Sheriff with HCSO. Sergeant McCoy has received over 180 hours of instruction and training in narcotics enforcement, narcotics related investigations, criminal/drug interdiction and legal updates while attending basic, intermediate and advanced police schools. Sergeant McCoy has initiated and/or assisted in hundreds of narcotics related investigations and has initiated and/or supervised hundreds of investigations leading to the arrest and conviction of narcotics users, street level dealers and traffickers in the State of North Carolina.

14. In August of 2014, Sergeant McCoy was selected by the HCSO to be the canine handler for the Uniformed Patrol Division, primarily conducting criminal interdiction with the HCSO. Sergeant McCoy and Brutus are a certified narcotics detection team through the

6

International Police Work Dog Association (IPWDA). Sergeant McCoy and Brutus are credited with locating large quantities of illegal narcotics and bulk United States currency while conducting criminal interdiction investigations, and assisting with various local, state and federal narcotics investigations.

15. In 2020, the HCSO purchased Brutus from Ventosa Kennels in Scotland Neck, NC. Canine Brutus is a male Dutch Shepard, a breed specifically selected for their keen senses and ability to be trained to detect the odor of controlled substances. Sergeant McCoy and Brutus attended and successfully completed the HCSO canine training program, which consisted of over 200 hours of training in which Sergeant McCoy and Brutus were trained and tested as a canine team in their proficiency in locating the odors of Marijuana, Crack Cocaine, Cocaine HCL, Heroin, Methamphetamine and Ecstasy. Canine Brutus has proven to be consistent, reliable, and proficient in the detection of the above listed odors.

16. Sergeant McCoy and Brutus were originally certified as a Narcotics Detection Team by the International Police Working Dog Association in the detection of Marijuana, Crack Cocaine, Cocaine HCL, Heroin, Methamphetamine and Ecstasy. Sergeant and Brutus would typically certify annually as a Narcotics Detection Team with

the International Police Working Dog Association, however, the most recent certification for Sergeant McCoy and Brutus was conducted by the Cumberland County Sheriff's Office IPWDA Master Trainer Lt. J. Salisbury in January of 2023. This certification is valid for fifteen months from the date of issuance.

17. Canine Brutus is trained to "Passively Alert" after detecting the odor of narcotics for which he has been trained. This "Passive Alert" consists of a physical reaction which ultimately ends in him coming to a sitting and/or laying position when the odor of narcotics for which he is trained is detected. Brutus also exhibits various mental and physical reactions which are noticeable to Sergeant McCoy which include changes in his behavior such as becoming possessive of the area, a refusal to leave an area where the odor of narcotics is detected, and changes in his breathing rate and sniffing patterns.

18. Canine Brutus undergoes frequent training for the detection of concealed controlled substances, which is on-going in order to ensure his proficiency. Sergeant McCoy also frequently consults various periodicals and law enforcement bulletins to stay informed about current trends utilized by narcotics traffickers to include advanced narcotic concealment and packaging methods.

19. Sergeant McCoy and Brutus have assisted various local, state and

federal law enforcement officers in hundreds of narcotics investigations. Sergeant McCoy has successfully demonstrated the ability to properly deploy and maintain a police narcotics canine and effectively locate controlled substances with the assistance of Brutus that have been concealed in a variety of locations. Since being placed into service in January of 2020, multiple search warrants (state and federal combined) have been issued based on probable cause provided by positive alerts by Brutus, resulting in the seizure of large quantities of controlled substances and bulk United States currency.

Conclusion Regarding Probable Cause

20. Based on the above facts, there is probable cause to believe that Suspect Parcel 1 and Suspect Parcel 2 contains at least one controlled substance that is being shipped to North Carolina, in violation of 21 U.S.C. §§ 841 and 843(b). As such, I respectfully request that a Search Warrant be issued for Suspect Parcel 1 and Suspect Parcel 2.

> Respectfully submitted,
> /s/ Tyler Cheek
> Tyler Cheek
> Task Force Officer

9

In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this 2nd day of May 2024, at 9:05 a.m.

_____
The Honorable Joe L. Webster
United States Magistrate Judge
Middle District of North Carolina